UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| ROLANDO VELA, | ) NO. ED CV 05-01103 (SH) |
| Plaintiff, | ) MEMORANDUM DECISION AND ORDER |
| v. | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | |
| Defendant. | |

## I. PROCEEDINGS

Plaintiff filed a Complaint on December 5, 2005 seeking review of the Social Security Commissioner's decision to deny Plaintiff Disability Insurance Benefits ("DIB"). The parties consented to proceed before United States Magistrate Judge Stephen J. Hillman pursuant to 28 U.S.C. §636(c). The parties filed a Joint Stipulation summarizing their arguments on August 29, 2006. The action arises out of 42 U.S.C. §

405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of record before the Commissioner.

## II. BACKGROUND

On February 24, 2003, Plaintiff filed an Application for DIB (AR 64); however, it was initially denied on May 10, 2003 and was not appealed. (AR 34) Plaintiff filed a second application for DIB on October 1, 2003 (AR 68) which was also denied, on October 10, 2003. (AR 38) He complains that he suffers from disabling back problems and depression. (AR 44) On November 18, 2004, and Administrative Law Judge (ALJ) determined that Plaintiff was not eligible for DIB. (AR 336-386)

## III. CONTENTIONS OF THE PARTIES

Plaintiff alleges that the ALJ did not properly consider the available medical evidence of record because he ignored the medical expert's testimony along with the treating doctor's testimony and Plaintiff's own testimony regarding the variability of Plaintiff's pain and side effects to Plaintiff's medication. Plaintiff also argues that the ALJ disregarded the opinions of Dr. Arthur Platt, Plaintiff's treating physician. Plaintiff also contends that the ALJ did not properly consider the vocational evidence of record, that the ALJ ignored certain testimony, and that there were an insignificant number of jobs which Plaintiff could perform. Plaintiff also argues that the ALJ did not properly consider the Plaintiff's subjective complaints and did not properly assess his credibility.

Defendant contends that the ALJ properly considered the medical evidence of record, the vocational evidence of record, and properly assessed Plaintiff's subjective complaints and credibility.

///
///
///
///

# IV. DISCUSSION

It is the duty of this court to review the record as a whole and to consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). The court is required to hold the decision of the Commissioner where evidence is susceptible of more than one rational interpretation. Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984). Remand is appropriate where additional proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

### A. THE ALJ PROPERLY ASSESSED THE MEDICAL EVIDENCE OF RECORD INCLUDING THE OPINIONS OF THE TREATING PHYSICIAN.

Plaintiff argues that the ALJ ignored the testimony of Plaintiff's treating physician, Dr. Arthur Platt. A treating physician's opinion is entitled to greater weight than that of an examining physician. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989), citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes, 881 F.2d at 751, citing Rodriguez v. Bowen, 876 F.2d 759, 761 62 n. 7 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. § 404.1527 (2004).

When supported by, and consistent with other evidence in the record, the opinion of a non-examining testifying medical advisor may serve as substantial evidence. Morgan v. Apfel, 169 F.3d 595 (9th Cir. 1999). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretations thereof, and making findings." Morgan, 169 F.3d at 600-601.

Here, the ALJ found that Plaintiff's treating physician, Dr. Arthur Platt, had found

the Plaintiff permanent and stationary on December 18, 2003 for a worker's compensation claim; however, on December 2, 2004, he claimed that Plaintiff could not sit, stand, or walk for even two hours during an eight hour work day although he had not seen Plaintiff in the past year. (AR 18) In his medical report on December 18, 2003, Dr. Platt wrote that Plaintiff could do light work standing or sitting with minimum demands for physical effort. (AR 321) Dr. Platt also noted that subjectively, Plaintiff suffered some slight to moderate pain that was aggravated by prolonged sitting, bending, or lifting; however, Dr. Platt did not find that this affected his ability to work. (AR 320-321)

However, one year later and without ever seeing Plaintiff again, Dr. Platt checked off that Plaintiff could not sit, stand, or walk for more than two hours a day; in addition, Plaintiff must walk around every sixty minutes, would require a job that would allow shifting positions, and would require to lie down at unpredictable intervals throughout the day. (AR 327) The ALJ found that it was not a supportable opinion to suddenly change a prognosis after not seeing the patient in a year, and that Dr. Platt may have exaggerated Plaintiff's limitations to help Plaintiff have a better claim. (AR 18) In addition, the ALJ found that Dr. Platt's ultimate conclusion was not supported by the medical evidence of record.

The ALJ did find that Plaintiff suffered from back lumbar myalgia with spasm secondary to past spinal fusion L4-5 and L5-S1, and that it was a "severe" impairment. (AR 21) The ALJ relied more heavily on the testimony of Dr. Toomajian, the non-examining physician because it was consistent with the medical evidence of record. (AR 17) Here, the ALJ's decision to discredit Dr. Platt's second opinion is supported by substantial evidence. Though Dr. Platt was Plaintiff's treating physician, he had not seen Plaintiff in one year; however, he changed his entire analysis of Plaintiff's limitations, narrowing them considerably since the last year. Because the ALJ's reasons for relying on Dr. Toomajian's testimony over that of Dr. Platt are supported by substantial evidence and clearly stated, this Court must affirm on this ground.

## B.   THE ALJ DID NOT IDENTIFY A SIGNIFICANT NUMBER OF JOBS IN THE REGIONAL ECONOMY.

Plaintiff asserts that the ALJ ignored the vocational expert's testimony in regards to rest breaks that Plaintiff needs, and that there were an insignificant number of jobs in the region. "The Commissioner must 'identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite [his] identified limitations.'" Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999)(quoting Johnson v. Shahala, 60 F.3d 1428, 1432 (9th Cir. 1995); see also Magallanes v. Bowen, 881 F.2d 747, 756 (1989) ("The Secretary must show that the claimant can perform other types of substantial, gainful work that exists in the national economy; specific reference should be made to realistic job opportunities.")

"Work which exists in the national economy" is defined as "work which exists in significant numbers either in the region where [Plaintiff] lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A); see also 20 C.F.R. § 416.960(c). "Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which [Plaintiff is] able to meet with [Plaintiff's] physical or mental abilities and vocation qualifications. Isolated jobs that exist only in very limited numbers in relatively few locations outside the region where plaintiff live[s] are not considered 'work which exists in the national economy.'" 20 C.F.R. § 404.1566(b). However, "whether there are a significant number of jobs a claimant is able to perform with his limitations is a question of fact to be determined by a judicial officer." Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1986).

The Ninth Circuit has not clearly established the minimum number of jobs necessary to constitute a "significant number." See Barker v. Secretary of Health and Human Services, 882 F.2d 1474, 1478 (9th Cir. 1989). Moreover, unlike other Circuits, the Ninth Circuit has not adopted a workable framework for determining whether an ALJ has properly found that there were a "significant number" of jobs that could be performed

in the national economy. See Barker, 882 F.2d at 1478-80 (finding that 1,266 jobs in the Los Angeles/Orange County Area was a significant number, based on a comparison with decisions by circuit courts and by district courts as to what constituted a significant number), compare Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988)(stating that the ALJ should consider among other things "the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; the distance claimant is capable of traveling to engage in the assigned work; the isolated nature of jobs; and the types of and availability of such work); Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir. 1988)(same).

Here, the vocational expert initially found that there 1,500 jobs regionally that Plaintiff could perform. (AR 372) However, she was then asked to erode that number further if Plaintiff had to take two to three breaks a day for 15 to 20 minutes each. (AR 372) The vocational expert found that with those limitations there would 600 jobs regionally that Plaintiff could perform. (AR 373) In his decision, the ALJ emphasized the number of jobs nationally, which totaled 23,500 positions. (AR 21) Consequently, the ALJ found that there were a significant number of jobs. (AR 21)

Although the initial number of 1,500 jobs is more than what satisfied the court in Barker, the ALJ completely disregarded the follow up questions that asked about 15 to 20 minute break, which would have put the number of jobs much lower than what satisfied the court in Barker. Although other courts have found that a lower number of jobs satisfied the requirement, here the ALJ did not consider other circumstances in relation to the number of jobs, including the local availability of jobs; the isolated nature of the jobs; and whether Plaintiff would be capable of traveling to locations where he could work in those positions. These facts are especially important because Plaintiff does not own a car. (AR 79) In a regional economy that includes Los Angeles, Orange, San Bernardino, and Riverside counties, a more fact intensive approach is needed when there are such a limited number of jobs, especially considering that Plaintiff lives at the outskirts of the regional economy, in Desert Hot Springs. (AR 10)

In his decision, the ALJ never mentioned why he had dismissed the 80% erosion, but he did mention the number of jobs for the national economy with an 80% erosion. The national economy may not be as relevant as the regional economy is in determining the number of jobs that Plaintiff could perform. With an 80% erosion, the number of jobs in the regional economy is dismal and would not be an adequate number. For the same reasons as stated above, a more fact intensive approach was required when there are so few jobs regionally.

### C. THE ALJ DID NOT PROPERLY ASSESS PLAINTIFF'S SUBJECTIVE COMPLAINTS AND DID NOT PROPERLY ASSESS PLAINTIFF'S CREDIBILITY.

Plaintiff contends that the ALJ did not properly assess Plaintiff's subjective complaints because he did not find him credible. The Commissioner's assessment of plaintiff's credibility should be given great weight. Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). However, "if the ALJ's decision is based on a credibility assessment, there must be an explicit finding as to whether the plaintiff's testimony was believed or disbelieved and the testimony must not be entirely discounted simply because there was a lack of objective findings." Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986). In finding that a claimant lacks credibility, an ALJ must set forth clear and convincing reasons supported by the record. Holohan v. Massanari, 246 F.3d 1195 (9th Cir. 2001).

Once the claimant produces objective medical evidence of an underlying impairment, the ALJ may still reject the claimant's excess pain testimony, but only setting forth clear and convincing reasons for doing so. Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)(citing Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). In evaluating a claimant's credibility, the ALJ may consider the claimant's reputation for truthfulness, inconsistencies within the claimant's testimony, or as between his testimony and conduct, the claimant's daily activities, work history, as well as testimony from physicians or third

parties concerning the nature, severity, and effect on the symptoms of which the claimant complains. Light, 119 F.3d at 792 (citations omitted). Although disability claimants should not be penalized for trying to lead normal lives despite their limitations, when the level of their activities are inconsistent with their claimed limitations, those activities have bearing on the claimant's credibility. Reddick, 157 F.3d at 722.

An ALJ's observation that plaintiff did not exhibit "physical manifestations of prolonged pain at the hearing provides little, if any, support for the ALJ's ultimate conclusion that the claimant is not disabled or that his allegations of constant pain are not credible . . ." Gallant v. Heckler, 753 F.2d 1450, 1455 (9th Cir. 1984).

Plaintiff testified that he can only sit for about ten minutes at a time and that he lies down about two to three times a day without predictability for about twenty to thirty minutes at a time. (AR 361) He takes Ambien to help him sleep. (AR 362) He also testified that he does very little around the house. (AR 362) He reads the newspaper, watches TV, and walks around a little. (AR 362) He complained that he is unable to jog or play ball with his son. (AR 364) He normally does not go up and down the stairs in his condo, so he usually has the gardener help him with putting the groceries inside. (AR 364)

In addition, Plaintiff said that he has good and bad days, and during those bad days he does little else but lay down. (AR 366) However, on a good day, he is able to walk around a little and sit for a little longer than usual. (AR 366) He goes to the market with his wife about once a month and stays at the store for about ten to fifteen minutes. (AR 367)

Here, the ALJ found that Plaintiff did not provide sufficiently credible information to establish an inability to work within certain parameters. First, the ALJ cited that Plaintiff had reported that he had separated from his wife and girlfriend but later testified that he lived with his wife. (AR 19). Next, the ALJ cited that Plaintiff was able to read every day, remembers what he reads, and assists his children in doing their homework. (AR 19) Also, the ALJ cited that Plaintiff was able to sit without changing positions

during the hour long testimony. These reasons do not constitute substantial evidence to support a conclusion that Plaintiff is not credible. The issue of his living situation could have been questioned and discussed during his testimony and could easily be explained with a reasonable answer.

Reading, watching TV, and helping one's children with homework does not equate to working an eight hour day. Although an ALJ may use Plaintiff's daily activities to support a finding that he is able to work, here Plaintiff's daily activities do not show an ability to work an eight hour day. Plaintiff should not be penalized for trying to live a somewhat normal life. Plaintiff himself said that he cannot do many other activities other than watch television and read, and has never indicated that he does much else. (AR 364)

Additionally, the fact that the ALJ noticed that Plaintiff had no difficulty sitting for an hour long proceeding does not support the ALJ's final conclusion. "Sit and squirm" testimony cannot be used by the ALJ to determine a Plaintiff's credibility as the ALJ did here. Gallant, 753 F.2d at 1455. It is completely irrelevant, since sitting for one hour does not translate into being able to work an eight hour day. Plaintiff has also stated he takes Vicodin for the pain, and that some days are better than others. (AR 366) Nothing that the ALJ used to support his finding that Plaintiff was not credible was supported by substantial evidence.

The case should be remanded to a new ALJ for consideration of plaintiff's subjective complaints without resort to "sit and squirm" error.   See Reed v. Massanari, 270 F.3d 838, 845 (9th Cir. 2001).

## **ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded to a different ALJ for development of the record pursuant to Sentence

Four of 42 U.S.C. § 405.[1]

DATED: November 17, 2006

                                                                  /s/
                                        STEPHEN J. HILLMAN
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Because the ALJ egregiously made a plain error by using "sit and squirm" testimony to determine Plaintiff's credibility, this case should not be remanded to the same ALJ for determination.